IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER COAL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. 02-0540-WS-L |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 97-00046 |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the Court on the petitioner's motion for certificate of appealability ("COA"), (Doc. 290), and his motion for permission to appeal in forma pauperis. (Doc. 294). After careful consideration of the motions, and of other relevant material in the file, the Court concludes that both motions are due to be denied.

**I. Certificate of Appealability.**

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With respect to grounds rejected on their merits, to obtain a COA the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001)(internal quote omitted). With respect to grounds rejected for procedural deficiencies, the petitioner must show that "jurists of reason would find it debatable both whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling." *Id*. (internal quotes omitted).

The petitioner originally asserted eighteen claims. On motion for COA, he has winnowed that list to five, each of which accuses his counsel of ineffective assistance. He has also included his demand for an evidentiary hearing as a sixth issue. The Court addresses these matters in sequence.

### A.  Claim One - Failure to Move to Dismiss the Indictment.

The petitioner was named in a four-count second superseding indictment. (Doc. 151). He argues that the indictment was constitutionally defective because it did not expressly articulate the mental state necessary to support conviction under each count.  In particular, he argues that Count One, a drug conspiracy charge under 21 U.S.C. § 846, did not allege that his conduct was "knowing," intentional" or "willing" [sic]; that Count Two, a possession-with-intent-to-distribute charge under 21 U.S.C. § 841(a)(1), did not allege that his conduct was "knowing," "intentional" or "willing" [sic]; and that Counts Three and Four, two interstate-travel-in-aid-of-racketeering charges under 18 U.S.C. § 1952(a), did not allege that his conduct was "willing" [sic]. (Doc. 290 at 6). With respect at least to the first two counts, the indictment patently was sufficient.

"If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge" for purposes of the Sixth Amendment. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998). As reflected in the report and recommendation of the Magistrate Judge, each of the four counts cited the charging statute, adequately informing the petitioner of the charges against him. (Doc. 276 at 9-11).

In his motion for COA, the petitioner suggests that the indictment was defective, not only in that it did not adequately inform him of the charges against him, but in that it did not "ensur[e] that a grand jury only returns an indictment when it finds probable cause to support all the necessary elements of the crime" as required by the Fifth Amendment. (Doc. 290 at 6 (quoting *United States v. Fern*, 155 F.3d at 1325 (internal quotes omitted)); *see also* Doc. 290 at 7-11).  Although the file now rests with the Eleventh Circuit, precluding review by the undersigned, it appears that this argument was not raised prior to the Court's adoption of the report and recommendation.  Accordingly, it comes too late. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)("Motions to amend [judgment] should not be used to raise arguments which could, and should, have been made before the judgment was issued.").

Even had the argument been timely raised, it would be unavailing.  "[I]f the facts alleged in the

indictment warrant an inference that the jury found probable cause to support all the necessary elements of the charge, the indictment is not fatally deficient on Fifth Amendment grounds." *United States v. Fern*, 155 F.3d at 1325. When the indictment cites the relevant statute, this standard is met with respect to all elements set forth in the statute. *See id*. at 1326 (where the indictment cited the underlying statute, and the statute required the false statement to be "material," there arose a "reasonable inference" that the grand jury found probable cause as to the materiality element).

As noted, the petitioner argues that Count Two failed to allege the mental states of knowledge, intent and willfulness. Of these three, only "knowledge" and "intent to distribute" are elements of an offense under 21 U.S.C. § 841(a). *E.g., United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999). The indictment expressly alleges "intent to distribute," and the statute, to which the indictment referred, includes the requirement of "knowingly or intentionally." Thus, under *Fern* the indictment plainly satisfied the Fifth Amendment with respect to Count Two.

The petitioner makes a like complaint regarding Count One, but 21 U.S.C. § 846 contains no additional mental state as an element. *E.g., United States v. Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998)("[T]he elements of the offense of conspiracy under 21 U.S.C. § 846 are: (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means.").[1] To the extent the petitioner suggests that the conspiracy claim should have articulated the mental state applicable to the underlying substantive offense, Count One refers to Section 841(a) and therefore to its mental state. As with Count Two, the Fifth Amendment is patently satisfied with respect to Count One.

The question is somewhat closer with respect to Counts Three and Four, but the uncertainty furnishes no grounds for granting the motion for COA. It may be an element of a charge under 18 U.S.C. § 1952(a) that the defendant "knowingly and willfully" perform an act in furtherance of the

---

[1]The *Toler* Court explained that there is no separate knowledge element because "[i]t is axiomatic that the existence of an agreement necessarily implies knowledge of the object of the agreement and the voluntary expression of assent to participate in its objectives." *Id*. at 1425.

unlawful activity.[2]  Because Section 1952(a) does not reference any such requirement, mere citation to the statute would not appear to satisfy the Fifth Amendment under *Fern*.

For the petitioner to have a viable claim of ineffective assistance of counsel, however, it is not enough to show a flaw in the proceedings upon whose correction defense counsel did not insist.  In addition, he must show both that his counsel's performance in failing to insist on correction was deficient and that he suffered actual prejudice as a result.  Deficient performance requires a showing that counsel's performance is "objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases."  *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990).  Prejudice requires a showing of a "reasonable probability that the result of the proceedings would have been different had counsel not performed deficiently."  *Id.*

The petitioner argues that counsel was ineffective for failing to move to dismiss the indictment.  As discussed above, however, the indictment patently satisfied both the Fifth and Sixth Amendments with respect to Counts One and Two.  A motion to dismiss these counts would have carried precisely zero chance of success, and "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."  *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

Assuming for the moment that the argument was timely raised by the petitioner in these proceedings, a motion to dismiss Counts Three and Four for failure to comply with the Fifth Amendment may have stood a somewhat better chance of success.  Even if those chances were excellent, however, counsel patently was not ineffective in failing to pursue dismissal of these counts.  Had Counts Three and Four been dismissed, nothing prevented the Government from re-indicting the petitioner on the same grounds.  The charges arose from the petitioner's conduct in January 1997, so that the Government had until January 2002 in which to bring back a new indictment.  *See* 18 U.S.C. §

---

[2]*See United States v. Smith*, 918 F.2d 1551, 1564 (11th Cir. 1990)(noting that the district court's instruction, which included the requirement that the defendant "knowingly and willfully committed an act to [further the] unlawful activity," "contains the essential elements which constitute a violation of [Section 1952(a)]"); Eleventh Circuit Pattern Jury Instructions at 394 (2003 ed.)(requiring proof that the defendant "knowingly and willfully committed an act to [further] 'unlawful activity'").

3282 (establishing a five-year limitations period for non-capital crimes).[3] Nor does the petitioner suggest any real possibility that a second grand jury would not have indicted him on the same charges — an appropriate omission given that the Eleventh Circuit has characterized the evidence against him as "overwhelming." (Doc. 242 at 3).

In short, moving to dismiss Counts Three and Four would have been pointless, and "[a] habeas petitioner who proposes alternative trial strategy that would itself have proved futile has failed to demonstrate that the representation at trial fell below an objective standard of reasonableness." *Lindsey v. Smith*, 820 F.2d 1137, 1152 (11th Cir. 1987). Thus, the petitioner cannot show that counsel's performance in failing to move for dismissal was deficient. Similarly, the futility of even a successful motion to dismiss precludes the petitioner from showing the existence of a reasonable probability that the result of the proceedings would have been different, which negates the prejudice element of the petitioner's ineffective assistance claim. *See Fleming v. Kemp*, 748 F.2d 1435, 1447 (11th Cir. 1984)(petitioner failed to demonstrate prejudice when, had his counsel successfully moved to dismiss the indictment, he would simply have been re-indicted).[4]

### B. Claims Five, Seven and Eight - Failure to Request Discovery.

---

[3] *See also United States v. Southland Corp.*, 760 F.2d 1366, 1373 (2nd Cir. 1985)(Section 3282 provides the limitations period for violations of Section 1952(a)); *accord United States v. Thorpe*, 1998 WL 738624 at **8 (6th Cir. 1998); *United States v. Steele*, 685 F.2d 793, 807 (3rd Cir. 1982).

[4] As discussed in text, the outcome of the proceedings would not have been different because a second grand jury would have re-indicted the petitioner on the same charges. Even had this not occurred, the petitioner still would have been convicted on Counts One and Two. Because the petitioner was sentenced to 30 years imprisonment on Counts One and Two, and to only 60 months on Counts Three and Four, with the latter terms to run concurrently with the former, (Doc. 226), even eliminating Counts Three and Four would not have affected the outcome of the proceedings. *Cf. United States v. Rodriguez*, 398 F.3d 1291, 1304 (11th Cir. 2005)(in the plain error context, "where the record does not provide any indication that there would have been a different sentence ..., the party with the burden of showing a reasonable probability of a different result loses.")(internal quotes omitted).

At trial, two agents testified to the petitioner's failure to turn himself in, to his flight upon seeing one of the agents, and to his untruthful statements concerning his marital status. The petitioner argues that his counsel was ineffective in failing to request and/or obtain statements from these agents before trial. In Claim Five, he argues they should have been obtained through a motion under Rule 12(d)(2) [now Rule 12(b)(4)]or pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); in Claim Seven, he argues they should have been obtained pursuant to Rule 404(b); and in Claim Eight, he argues they should have been obtained pursuant to Rule 608(b).

Under Rule 12(b)(4), a defendant may request the Government to provide notice of its intent to use "any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4). In this district, no such request is required, because the Government is obligated, by local rule, to tender such notice to the defendant, along with the underlying evidence. Local Rule 16.13(b)(1)(A). Counsel's performance could not have been deficient in failing to file a motion to obtain information which the Government was required to provide without a motion.

The same is true of motions filed pursuant to *Brady* and Rule 404(b). Local rules mandate that the Government disclose such information even without a defense motion, Local Rule 16.13(b)(1)(B), (H), and counsel's performance could not have been deficient in failing to seek information the Government was obligated to provide unilaterally. Local Rule 16.13 does not require the unilateral disclosure of evidence subject to Rule 608(b), but the petitioner's claim in this regard — along with all his others — fails for a different reason.

No motion for disclosure, whatever its vehicle, could have succeeded unless governing law would have required the Government to disclose the agents' statements in response to the motion. Discovery in criminal cases is governed by Rule 16, which lists specific types of information that a defendant may obtain. Except for expert witnesses, that rule does not identify witness statements as discoverable. On the contrary, the rule explicitly "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by [a] government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). This includes

"statements made by prospective government witnesses." *Id*.[5] While *Brady* and Rule 404(b) allow pretrial discovery of certain information not covered by Rule 16, the agents' statements do not fall within these narrow exceptions.[6] Because the motions the petitioner insists should have been filed would not have resulted in the production of the agents' statements, counsel's performance in not filing the motions could not have been deficient. For the same reason, the petitioner cannot show a reasonable probability that he would not have been convicted had the motions been filed.

### C.  Claim Eighteen.

The petitioner's appellate counsel did not raise an *Apprendi* challenge in his principal brief but did so in his reply brief. The petitioner argues that appellate counsel was ineffective in failing to raise the argument in his principal brief. (Doc. 290 at 20).

When an *Apprendi* issue is properly preserved, the standard of review on appeal is de novo. *United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001). When, however, the issue is not properly preserved but is raised later, the standard of review becomes the more onerous one of "plain error." *Id*. at 1304 n.4. The Eleventh Circuit on direct appeal applied the plain error standard because the issue was not properly preserved. (Doc. 242 at 3).

The petitioner assumes the *Apprendi* issue would have been properly preserved had appellate counsel raised it in his principal brief. That, however, is not the law. Rather, an *Apprendi* issue is properly preserved only if it is raised at or before sentencing. *United States v. Candelario*, 240 F.3d

---

[5]Witness statements can be obtained only after the witness has testified on direct examination. *Id*.; 18 U.S.C. § 3500(a)("the Jencks Act"). The petitioner's claim, which is limited to counsel's failure to obtain the statements before trial, does not implicate the Jencks Act. At any rate, by local rule the Government is obligated to disclose Jencks Act statements in accordance with Section 3500, so that no motion is necessary. Local Rule 16.13(b)(2)(A).

[6]The agents' statements obviously were not favorable to the petitioner and so do not constitute *Brady* material. Nor do they fall within Rule 404(b). *United States v. Oakie*, 12 F.3d 1436, 1441-42 (8th Cir. 1993)(evidence of flight does not implicate Rule 404(b), both because "[e]vidence which is probative of the crime charged ... is not 'other crimes' evidence" and because, "where the evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated.")(internal quotes omitted).

at 1304-05.  Because the plain error standard of review would have applied even had appellate counsel raised the *Apprendi* issue in his principal brief, his performance was not deficient for failing to do so.  For the same reason, there is no reasonable probability that the Eleventh Circuit would not have affirmed the petitioner's sentence had appellate counsel raised the *Apprendi* issue in his principal brief, since the Eleventh Circuit would still have employed the plain error standard of review.

### D.  Claim Nineteen.

The petitioner insists he is entitled to an evidentiary hearing with respect to the factual issue whether trial counsel received statements from the two agents prior to trial.  (Doc. 290 at 21-23). Because, as discussed in Part I.B, his claim is legally meritless even if counsel did not receive the statements before trial, the petitioner is not entitled to an evidentiary hearing.  *See Turner v. Crosby*, 339 F.3d 1247, 1274-75 (11th Cir. 2003)(a petitioner is not entitled to an evidentiary hearing if his version of the facts has already been accepted as true); *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)(a petitioner is not entitled to an evidentiary hearing if he has not "allege[d] facts that, if true, would entitle him to relief"); *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983)(a petitioner is not entitled to an evidentiary hearing if "the district court can determine the merits of the ineffectiveness claim based on the existing record").

In summary, the Court concludes that reasonable jurists would not find its assessment of the constitutional claims debatable or wrong.  Accordingly, the motion for COA is due to be denied.

### II.  In Forma Pauperis.

A party may not appeal in forma pauperis "if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  An appeal is not taken in good faith if it is frivolous. *E.g.,United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997).[7]  A frivolous appeal is one

---

[7]*Accord Hall v. NYS Divison of Parole*, 2000 WL 1186256 at **1 (2nd Cir. 2000); *Callahan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999); *Jensen v. Smith*, 2001 WL 1092778 at

"without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotes omitted). As discussed above, the petitioner's claims lack arguable merit. Accordingly, his motion for permission to appeal in forma pauperis is due to be denied.

## CONCLUSION

For the reasons set forth above, the petitioner's motion for certificate of appealability and his motion for permission to appeal in forma pauperis are **denied**.

DONE and ORDERED this 22nd day of April, 2005.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

\*\*2 (7th Cir. 2001); *Frey v. McKinna*, 2002 WL 1972329 at \*\*1 (10th Cir. 2002); *Wooten v. District of Columbia Metropolitan Police Department*, 129 F.3d 206, 208 (D.C. Cir. 1997); *United States v. Gholston*, 133 F. Supp. 2d 1304, 1306 (M.D. Fla. 2000), *aff'd*, 275 F.3d 52 (11th Cir. 2001).